UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN MORGAN, | No. C 06-2178 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ANTHONY KANE, warden, | |
| Respondent. | |

## INTRODUCTION

Loren Morgan, a California prisoner incarcerated at the Correctional Training Facility in Soledad, has filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed the petition and dismissed it with leave to amend. The amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Morgan states in his amended petition for writ of habeas corpus that he was convicted on a plea agreement in the San Diego County Superior Court of a violation of California "Penal Code § 187, aiding, abetting and assisting." Amended Petition, p. 2. He was sentenced to an unidentified term. In this habeas action, Morgan challenges the execution of his sentence rather than his conviction.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition contains two claims. Morgan's first claim (at pages 1-32) is that his federal right to due process was violated when the Board of Parole Hearings ("BPH") failed to conduct a timely parole hearing. He states that he was denied parole at a hearing on January 30, 2002, and was scheduled for another hearing in three years. He states that he did not have the hearing within the time required by California Penal Code § 3041.5, as his next parole hearing did not occur until October 25, 2005, several months late. (He was found not suitable for parole at the 2005 hearing.) Notwithstanding his 30+ pages of argument, Morgan fails to show that there is a federally protected right to parole hearings on a particular schedule. See generally Bonin v. Calderon, 59 F.3d 815, 841-42 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996). The claim that there was a due process violation in the delay of Morgan's 2005 parole hearing is dismissed without leave to amend.

The second claim in the amended petition is that the BPH's denial of parole violated Morgan's plea agreement. See Amended Petition, pp. 33-40. This allegation appears to pertain to the October 25, 2005 parole hearing. Liberally construed, the allegation states a claim for a due process violation and warrants a response. See Santobello v. New York, 404 U.S. 257, 261-62 (1971) (defendant has a right to enforce terms of plea agreement).

**CONCLUSION**

For the foregoing reasons,

1. The amended petition's claim that the denial of parole violated petitioner's right to due process because it violated the plea agreement warrants a response from respondent. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **March 2, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **April 6, 2007**.

IT IS SO ORDERED.

DATED: December 20, 2006

Marilyn Hall Patel
United States District Judge