UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN MORGAN, | No. C 06-2178 MHP (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|   v. | |
| ANTHONY KANE, warden, | |
|     Respondent. | |

## INTRODUCTION

Loren Morgan filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the action as time-barred. Morgan has opposed the motion. The court finds that the petition was not timely filed and therefore will grant the motion and dismiss the action.

## BACKGROUND

Morgan states in his amended petition that he was convicted on a plea agreement in the San Diego County Superior Court of aiding and abetting second degree murder. He states that the offer of a plea agreement "was accepted by the Petitioner because he was told he would be out in Ten (10) years, leaving Petitioner to believe he was serving a total of a 15 year term." Amended Petition, p. 2, n.1. In this habeas action, Morgan challenges the execution of his sentence rather than his conviction. Specifically, he alleges that the 2005 denial of parole by the Board of Parole Hearings ("BPH") violated his plea agreement.

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period also can be equitably tolled upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

A habeas petition by a state prisoner challenging a decision of an administrative body, such as the BPH, is covered by the statute and the limitations period starts to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2003); see also Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003).

Here, the factual predicate or basis of Morgan's claim that his plea agreement was breached was known to him no later than 1994. He was sentenced in 1984 and claims that he

1 accepted the plea agreement because he was told that he would "be out in Ten (10) years."
2 Amended Petition, p. 2, n.1.  If the promise was made and became part of the agreement as
3 Morgan asserts, it would have been breached in 1994, when the tenth year ended and he
4 remained in prison.  Further, if there was any doubt in Morgan's mind that prison officials
5 were not living up to his parole expectations, it was removed when he was denied parole
6 each time he went for parole after 1994, including at his 2002 hearing.  (The 2005 denial by
7 the BPH was the sixth denial of parole and the fifth denial of parole occurred in 2002,
8 according to Morgan.  Amended Petition, p. 2.)   Morgan's claim accrued in October 1994
9 and he did not file his federal habeas petition until twelve years later, clearly after the
10 expiration of the one-year limitations period.  Even if the claim did not accrue until parole
11 was denied, that occurred five times before the 2005 hearing, including in 2002.  He could
12 not revive the time-barred claim by asserting that the agreement – which by his account was
13 irrevocably breached in 1994 – was breached again in 2005, no more than one can revive a
14 time-barred claim on a contract by alleging a new breach years after the contract was
15 irrevocably breached.

16 Morgan's state habeas petitions were not filed within the one-year limitations period
17 and therefore did not toll the limitations period regarding the breach of plea agreement claim.
18 He also has shown no basis for equitable tolling of the limitations period.  This action was
19 filed after the one-year limitations period expired and is barred by 28 U.S.C. § 2244(d).

## CONCLUSION

21 Respondent's motion to dismiss the petition is GRANTED.  (Docket # 7.)  The
22 petition is dismissed because it was not filed by the deadline in 28 U.S.C. § 2244(d).  The
23 clerk shall close the file.

24 IT IS SO ORDERED.
25 DATED:  May 16, 2007

Marilyn Hall Patel
United States District Judge

3